81 F.3d 147
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
James HOLLINGSWORTH, Plaintiff, Appellant,
v.
Larry E. DUBOIS, etc., et al., Defendants, Appellees.
 No. 94-2272.
 United States Court of Appeals, First Circuit.
 April 2, 1996.
 
 James Hollingsworth on brief pro se.
 Nancy Ankers White, Special Assistant Attorney General and Charles M. Wyzanski, Senior Litigation Counsel, on Motion for Summary Disposition for appellees.
 Before TORRUELLA, Chief Judge, and BOUDIN and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff/appellant James Hollingsworth appeals the entry of judgment in favor of defendants/appellees on Hollingsworth's suit pursuant to 42 U.S.C. § 1983. Having reviewed carefully the record in this case, including the briefs of the parties, we summarily affirm.
 
 
 2
 Hollingsworth suffered no deprivation of his rights to procedural due process either when the hearing officer denied his request to call witnesses at his disciplinary hearing or when he discounted the affidavits Hollingsworth was allowed to submit. A denial of a request to present witnesses is not a due process violation when it is based on the need of institutional safety. See Ponte v. Real, 471 U.S. 491, 497 (1985). Here, the district court credited the testimony of the hearing officer that, even if Hollingsworth had made a timely request to present witnesses, the request would have been denied because of safety concerns in transporting the witnesses from another prison. As to the second claim, the hearing officer had sufficient support in the record for finding two of the affidavits not exculpatory and for questioning the credibility of the others.
 
 
 3
 Furthermore, the district court did not err either in refusing Hollingsworth's request to present witnesses at trial or in not allowing him to introduce allegedly newly found exculpatory evidence. The district court supportably found that the witnesses' testimony was not relevant to any issue before the court. Similarly, inasmuch as Hollingsworth does not claim that the hearing officer lacked sufficient evidence to support a finding of guilty, the "newly found evidence" was irrelevant to Hollingsworth's due process claims. Moreover, this evidence, which was cumulative of what had already been presented at the disciplinary hearing, does nothing to call the hearing officer's determination of guilt into question.
 
 
 4
 Affirmed. See 1st Cir. Loc. R. 27.1.